UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES R. MITCHELL,

    Plaintiff,

v.                                              ACTION NO. 2:15cv309

INTERNAL REVENUE SERVICE,

    Defendant.

## DISMISSAL ORDER

This matter is before the Court on Defendant's motion to dismiss, ECF No. 2. Plaintiff filed his brief in opposition on August 10, 2015. ECF No. 7. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

### I. Factual and Procedural Background

On June 12, 2015, Plaintiff filed his Complaint in the Circuit Court for the City of Chesapeake, Virginia. ECF No. 1 at 1. Plaintiff's Complaint seeks $50,000.00 in damages from Defendant. ECF No. 1-1 at 2. Plaintiff claims that the State of California has no jurisdiction over him, and that Defendant "has accepted an illegal court order from the state of Calif." Id. Plaintiff asserts that the Commonwealth of Virginia has jurisdiction over his child support obligation, and that his child support "was paid pursuant to a court order in the City of Chesapeake, VA." Id. at 3. Plaintiff also seeks damages for his wife being included "in this illegal action." Id. Essentially, Plaintiff is challenging Defendant's "diversion of a tax refund to offset a past-due state child support obligation." ECF No. 3 at 1. Defendant removed the matter to this Court on July 13, 2015. ECF No. 1.

II. Standard of Review

Defendant seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In determining whether subject matter jurisdiction exists, the district court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Velasco v. Gov't of Indonesia, 370 F.3d 392, 398 (4th Cir. 2004); Johnson v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 566-67 (E.D. Va. 2009). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Defendant also seeks dismissal of Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Johnson, 682 F. Supp. 2d at 567. As such, the district court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id.

If the parties submit materials outside the pleadings in conjunction with a Rule 12(b)(6) motion, "the court must either exclude such materials from consideration or convert the motion into a motion for summary judgment." Id. Here, Plaintiff submitted materials outside the pleadings to support his arguments. The Court will consider the materials in conjunction with Defendant's motion to dismiss under Rule 12(b)(1), but will not consider the materials in

conjunction with Defendant's motion to dismiss under Rule 12(b)(6). As such, this Court does not convert the motion into a motion for summary judgment. See id. at 567, n. 3.

### III. Analysis

Defendant first asserts that the Court lacks subject matter jurisdiction over Plaintiff's Complaint. When the United States is named as a defendant, a plaintiff has the burden to show that sovereign immunity has been unequivocally waived.[1] See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). If the United States has not waived sovereign immunity and consented to suit, the Court lacks subject matter jurisdiction. See United States v. Mitchell, 445 U.S. 535, 538 (1980).

Although Plaintiff does not explicitly say so, his Complaint is an action pursuant to 26 U.S.C. § 6402(c), which states:

> **Offset of past-due support against overpayments.**—The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support (as defined in section 464(c) of the Social Security Act) owed by that person of which the Secretary has been notified by a State in accordance with section 464 of such Act. The Secretary shall remit the amount by which the overpayment is so reduced to the State collecting such support and notify the person making the overpayment that so much of the overpayment as was necessary to satisfy his obligation for past-due support has been paid to the State. The Secretary shall apply a reduction under this subsection first to an amount certified by the State as past due support under section 464 of the Social Security Act before any other reductions allowed by law. This subsection shall be applied to an overpayment prior to its being credited to a person's future liability for an internal revenue tax.

However, claims against Defendant related to such offsets are expressly barred:

> **Review of reductions.**—No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f). No such reduction shall be

---

[1] "It is well-settled that the United States is the real party in interest in suits against a federal department or agency, such as the Internal Revenue Service." Buzzell v. I.R.S., No. 3:09cv161, 2009 WL 2916904, at *2 (E.D. Va. Sept. 2, 2009).

> subject to review by the Secretary in an administrative proceeding. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid or any such action against the Commissioner of Social Security which is otherwise available with respect to recoveries of overpayments of benefits under section 204 of the Social Security Act.

Id. § 6402(g); see also Dasisa v. Dep't of Treasury, 951 F. Supp. 2d 45, 46 (D.D.C. 2013) (noting that § 6402(g) "explicitly reserves plaintiff's ability to sue agency-claimants directly, but it prohibits suits against DOT merely for carrying out its statutory obligation to collect debts that agencies refer to it"); Satorius v. U.S. Dep't of Treasury-I.R.S., 671 F. Supp. 592, 594 (E.D. Wis. 1987) ("Congress has expressly declined to waive the sovereign immunity of the United States with respect to this claim."); Vann v. C.I.R., No. 3:09-cv-305-N, 2009 WL 1227260, at *2 (N.D. Tex. May 1, 2009 ("Because Plaintiff seeks to restrain and review reductions of tax refunds and the transmittal of those funds to a state authority for allegedly past-due child support payments, § 6402(g) strips jurisdiction from this Court."); Swartz v. I.R.S., No. 96-CV-12468-MEL, 1997 WL 834830, at *2 (D. Mass. Nov. 18, 1997) (holding that § 6402(g) barred plaintiff's claim that child support payments were improperly withheld from tax overpayments). Accordingly, the Court lacks jurisdiction to review Defendant's diversion of Plaintiff's tax return to fulfill a child support obligation.

Furthermore, to the extent that Plaintiff's Complaint raises tort claims against Defendant, the Court lacks jurisdiction over those claims as well. The Federal Tort Claims Act ("FTCA") provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have

first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Plaintiff's Complaint fails to allege that he presented any tort claims to any federal agency before filing suit. Accordingly, the Court lacks jurisdiction over any tort claims Plaintiff may be attempting to raise. See Setlech v. United States, 816 F. Supp. 161, 165-66 (E.D.N.Y.) (holding that court lacked jurisdiction over tort claim relating to tax refund offset when plaintiff "failed to first present her claims to the appropriate federal agency").

Plaintiff has attached several documents to his brief opposing Defendant's motion to dismiss, including what appears to be a proposed amended complaint. However, none of these documents, including the proposed amended complaint, cure the Court's lack of jurisdiction. Therefore, allowing Plaintiff leave to amend would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Accordingly, the Court must **GRANT** Defendant's motion to dismiss.

IV. Conclusion

For the reasons set forth above, Defendant's motion to dismiss, ECF No. 2, is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant.

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty (60) days from the date of the entry of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to mail a copy of this Dismissal Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/ *[signature]*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

August 14, 2015